IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROY ZIMMERMAN, et al., | : | CIVIL ACTION NO. **1:16-CV-1463** |
| | : | |
| Plaintiffs | : | (Chief Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| CYHIEN BARNES, n/k/a | : | |
| CYHIEN RA NETER BEY, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Background.

This civil action was commenced by the filing of a notice of removal by the self-represented defendants. (Doc. 1).

Along with their notice of removal, defendants filed a document styled "Affidavit of Financial Statement," which was submitted in lieu of completing a preprinted form application for leave to proceed without prepaying fees or costs, which solicits financial information to permit the Court to ascertain a party's eligibility for *in forma pauperis* status under 28 U.S.C. § 1915. The "Affidavit of Financial Statement" did not contain the financial information necessary for the Court to determine whether defendants are eligible to proceed without prepayment of filing fees. Thus, the Court issued an order on July 25, 2016, denying the defendants' "Affidavit of Financial Statement" and requiring them to either submit a properly

completed application to proceed *in forma pauperis* or pay the requisite $400.00 filing and administrative fees to the Clerk of Court. (Doc. 4).  The Doc. 4 Order warned defendants that their failure to timely comply may result in the dismissal of the notice of removal and remand of this action to the state court where it originated.

Defendants were to have complied with the Doc. 4 Order no later than August 9, 2016.  Their failure to do so resulted in an Order, issued on August 25, 2016, affording them seven (7) days from the date thereof to either submit a properly completed application to proceed *in forma pauperis* or pay the requisite $400.00 filing and administrative fees to the Clerk of Court. (Doc. 5).

The time in which defendants were to have either submitted a properly completed application to proceed *in forma pauperis* or paid the requisite $400.00 filing and administrative fees to the Clerk of Court has expired. The Court, *sua sponte*, gave the unrepresented defendants an additional sixteen (16) days to comply with our Doc. 4 and 5 Orders.  Defendants have failed to do so, nor have they requested an extension of time in which to do so.

Furthermore, the mailings containing our Doc. 5 Orders were returned undeliverable as to both defendants. (Docs. 6 and 7).

## II. Discussion.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action

for "failure of the plaintiff to *prosecute* or comply with these rules or *order of*

*court . . .*" (emphasis added).  In the instant case, the removing defendants have failed

to both prosecute this action and to comply with the Order of this Court by their

failure to timely file their properly completed applications to proceed *in forma*

*pauperis* or pay the requisite $400.00 filing and administrative fees to the Clerk of

Court.  We shall recommend that this case be dismissed due to removing defendants'

failure to prosecute it and due to their failure to comply with this Court's Orders.

Removing defendants have taken no action with respect to this case since

they filed their notice of removal on July 18, 2016, over two months ago.   Removing

defendants' behavior constitutes a wilful failure to prosecute their case, as opposed to

a situation in which they have had problems in pursuing their case but made efforts to

comply with this Court's Orders dated July 25, 2016 and August 25, 2016.  The

consequences of removing defendants' failure to prosecute their case were clearly

stated in our Orders dated July 25, 2016 and August 25, 2016, namely, we will

recommend that the notice of removal be dismissed and the action remanded to the

state court where it originated. (Docs. 4 and 5).  *See Leininger v. Twoton, Inc.*, Civil

Action No. 09-CV-289, 2009 WL 1363386 (M.D. Pa. May 14, 2009).

## III.  Recommendation.

Based on the foregoing, it is respectfully recommended that the action be dismissed and remanded to the Court of Common Pleas of Lancaster County on the basis of removing defendants' failure to comply with the Court's Orders dated July 25, 2016 and August 25, 2016.  It is also recommended that the case be dismissed without prejudice on the basis of removing defendants' failure to prosecute their action.

*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated: September 26, 2016**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROY ZIMMERMAN, et al., | : | CIVIL ACTION NO. **1:16-CV-1463** |
| | : | |
| Plaintiffs | : | (Chief Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| CYHIEN BARNES, n/k/a | : | |
| CYHIEN RA NETER BEY, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the

foregoing **Report and Recommendation** dated **September 26, 2016.**

Any party may obtain a review of the Report and Recommendation pursuant

to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


*s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**


**Dated: September 26, 2016**